UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61130-CIV-COHN/SELTZER

STACY MILROT, individually and on behalf
of all others similarly situated,

    Plaintiff,

vs.

APPLE INC. and AT&T INC.,

    Defendants.
_____/

## ORDER GRANTING MOTION TO STAY PROCEEDINGS

**THIS CAUSE** is before the Court on Defendant Apple's Motion for Stay of Proceedings or Motion for Enlargement of Time [DE 10], Plaintiff's Response in Opposition [DE 15], Defendant Apple's Reply [DE 22], Plaintiff's Motion for Summary Judgment [DE 6], Defendant AT&T's Motion to Dismiss for Lack of Personal Jurisdiction [DE 18], Plaintiff's Response and Consent to AT&T's Motion to Dismiss [DE 24], and Defendant Apple's Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment [DE 25].[1]  The Court has carefully considered the motions and is fully advised in the premises.

Plaintiff filed this class action alleging a variety of claims against Apple Inc. related to the performance problems with the new Apple product, the iPhone 4.  Plaintiff alleges that Defendants Apple and AT&T knew or should have known of the defective products.  Specifically, the Complaint alleges that the iPhone 4 contains a "defect that

---

[1] The Court has also received a notice from the United States Judicial Panel on Multidistrict Litigation that a motion to transfer pursuant to 28 U.S.C. § 1407 is pending before the Panel, and will be heard at its next bimonthly hearing (which the Court understands will be held on September 30, 2010).  The notice stated that the undersigned remains free to rule on any pending motion.

results in the quick loss or reduction of cellular and wireless reception and performance when handling the phone as demonstrated in Apple's own advertisements or as a reasonable person would handle a mobile telephone while making phone calls, browsing the Internet, sending text messages, or utilizing other services provided by the iPhone 4." Complaint, ¶ 4. Five days after filing the Complaint and one day after service upon Apple, Plaintiff filed a Motion for Summary Judgment, seeking affirmative relief on their claims of negligence, breach of warranty, and violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). Plaintiff principally relies upon a July 2, 2010 news release by Apple regarding the loss of reception problem.

Apple moves to stay this action, including resolution of Plaintiff's Motion for Summary Judgment, pending the determination by the United States Judicial Panel on Multidistrict Litigation ("JPML") of their motion to transfer pursuant to 28 U.S.C. § 1407. This motion will be heard by the Panel on September 30, 2010. Apple cites to numerous district court decisions to support its argument that both judicial and party resources will be conserved if determinations on the merits of the claims are stayed until a transferee court is selected.

Plaintiff opposes the motion, asserting that there is a "plethora" of federal decisions declining to impose a stay as sought by Apple. Plaintiff notes that she has proposed to the JPML panel that this Court be the transferee court. Plaintiff also argues that this case is more procedurally advanced because of the pending summary judgment motion, and that a court in the Middle District recently denied a similar request to stay in the oil spill litigation. Billy's Seafood v. Transocean Holdings, Inc., 2010 WL 2104610 *1 (S.D. Ala. May 25, 2010).

This Court recognizes that it has the authority to deny the motion to stay and rule

2

on any pending motions. However, the instant action is not procedurally advanced, nor is it similar to the Billy's Seafood action. Plaintiff has created the appearance of procedural advancement by filing its motion for summary judgment mere days after filing of the lawsuit, citing to a press release of Apple as conclusive proof of its claims. In reality, discovery has not yet begun and the case is less than 60 days old. In the Billy's Seafood decision, Judge Steele noted that the JPML decision on transfer was still two months away, whereas the decision in this case is now one month away. Finally, not to minimize the present importance of cell phone use in our society, but the impact of an oil spill shutting down businesses creates far more urgency to a plaintiff then some dropped calls.

This Court concludes that the motion to stay should be granted, and all other motions, other than the agreed dismissal of Defendant AT&T, be terminated pending a decision by the JPML on transfer of the case. It is far better for judicial economy and the orderly determination of these cases for any pretrial determination of the merits of this case to be handled by the transferee court selected by the JPML.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant AT&T's Motion to Dismiss for Lack of Personal Jurisdiction [DE 18] is hereby **GRANTED**;

2. Defendant AT&T is hereby **DISMISSED, without prejudice**;

3. Defendant Apple's Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment [DE 25] is hereby **GRANTED**;

4. Defendant Apple's Motion for Stay of Proceedings [DE 10] is hereby **GRANTED**;

5. This case is hereby **STAYED**, until the Judicial Panel on Multidistrict Litigation

enters an order regarding transfer of this action, or until further order of this Court;

6. Plaintiff's Motion for Summary Judgment [DE 6] shall be **TERMINATED**;

7. The Clerk of the Court shall **CLOSE** this case for administrative purposes;

8. Should the JPML not transfer this action, this Order is without prejudice to any party filing a motion to reopen this matter to proceed in this Court.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 27th day of August, 2010.

JAMES I. COHN
United States District Judge

copies to:

all counsel of record